Vahe Khojayan (SBN 261996)
Sasoon Sardarian (SBN235088)
KG LAW, APC
1010 N. Central Ave., Suite 450
Glendale, CA  91202
Tel: (818) 245-1340  Fax: (818) 245-1341
vahe@lawyer.com

Attorneys for debtor-in possession
TITUS EMIL IOVITA

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**TITUS EMIL IOVITA**<br><br>Debtor-in-possession<br><br>**TITUS EMIL IOVITA**,<br><br>Plaintiff<br><br>Vs.<br><br>**SIBONEY MONGE, MALIBU RECONVEYANCE, LLC,**<br><br>Defendant | Adversary Case No. **2:21-ap-01022-ER**<br><br>Bankruptcy Case No: **2:20-bk-19727-ER**<br><br>Chapter 11<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S "MOTION TO DISMISS COMPLAINT PURSUANT TO FRBP 7012; MOTION FOR MORE DEFINITE STATEMENT FRBP 7012(e)"**<br><br>**Hearing**<br>**Date:   03/23/2021**<br>**Time: 11:00AM**<br>**Place: Courtroom 1568 – Check Docket for teleconference instructions**<br>**255 E. Temple Street,**<br>**Los Angeles, CA 90012** |

**OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

- 1 -

**TO THE HON. ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, AND PARTIES IN INTEREST:**

Please take Notice that Titus Emil Iovita, Plaintiff in this case, hereby opposes Defendants SIBONEY MONGE'S ("Monge") and MALIBU RECONVEYANCE LLC'S ("Malibu")(collectively referred to as "Defendants") motion to dismiss complaint pursuant to FRBP 7012(b)(6); motion for more definite statement FRBP 7012(e) on the following grounds.

1. All of Plaintiff's causes of action are properly and specifically pled to establish a cause of action against Defendants.
2. Plaintiff, as debtor-in-possession and trustee of his bankruptcy estate has full standing to object to claims and seek avoidance of lines on estate property,
3. The Court has jurisdiction over the Defendants.

Dated: 03/09/2021                                                                KG Law, APC

                                                                                 By: _____
                                                                                 Vahe Khojayan
                                                                                 Attorneys for Plaintiff

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 6

II.   ARGUMENT ...................................................................................................................... 6

a.   Standard on Motion to Dismiss ...................................................................................... 6

b.   The Court Has Jurisdiction Over Defendants in this Case. ........................................... 7

c.   Plaintiff has Standing to Bring this Adversary Case. .................................................... 9

d.   Plaintiff's First Cause of Action is Properly Pled. ....................................................... 10

e.   Plaintiff's Second Cause of Action for Quiet Title is Properly Pled. .......................... 10

f.   Plaintiff's Third Cause of Action is Properly Pled. ..................................................... 12

g.   Defendants Fail to Show That There is Need for More Definite Statement ............... 13

III.   CONCLUSION ................................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) .......................... 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ............................................. 6, 7

*Booth v. Hoskins*, 75 Cal. 271, 17 P. 225 (1888). ................................................... 11

*Gregory v. Dillard's, Inc.*, 565 F.3d 464, 496 (8th Cir. 2009) ..................................... 7

*Harbour Vista, LLC v. HSBC Mortg. Services Inc.* (2011) 201 Cal.App.4th 1496, 1501) .......... 10

*In re Dominelli* (9th Cir. 1987) 820 F2d 313, 317 ...................................................... 9

*In re G.I. Indus., Inc.* (9th Cir. 2000) 204 F3d 1276, 1280-1281 ................................ 9

*Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). .......... 7

*Lechuza Villas West v. California Coastal Com'n* (1997) 60 Cal.App.4th 218,242. .......... 11

*MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ............................ 7

*Miller v. Provost* (1994) 26 Cal.App.4th 1703, 1707 ............................................ 11, 12

*Northstar Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983) .................. 7

*Pet Check Tech., LLC v. Handlr, Inc.*, 2018 WL 8333418, at *2 (C.D. Cal. Sept. 11, 2018) ...... 12

*Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2nd Cir. 2009) .............................. 7

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984) .................. 7

*Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009) ................................................. 7

*Travelers Cas. & Sur. v. Corbin*, 286 B.R. 49, 51 (B.A.P. 6th Cir. 2002) .................... 9

*Von Saher v. Norton Simon Museum of Art at Pasadena*, 578 F.3d 1016, 1021-22 (9th Cir. 2007). ............................................................................................................. 7

**Statutes**

11 U.S.C. § 501(b)(1) ............................................................................................. 10

11 U.S.C. § 502(a) ................................................................................................. 9

11 U.S.C. §157(b)(2)(K) .......................................................................................... 8

28 U.S.C. § 157(b)(1) ............................................................................................. 7

28 U.S.C. § 157(b)(2)(B) ......................................................................................... 7

Cal. Civ. Proc., §760.010 ................................................................................................ 10

Cal. Civ. Proc., §760.020 ................................................................................................ 11

Fed. R. Bankr. P. 7001 .................................................................................................... 12

Fed. R. Bankr. P. 7004 (f) ................................................................................................. 8

Federal Rule of Civil Procedure 12(b)(6) ........................................................................ 6

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

On October 28, 2020 Plaintiff and Debtor Titus Emil Iovita ("Plaintiff") filed the underlying bankruptcy case. Plaintiff is the owner of the property located at 18604 Newman Street, Riverside, CA 92508 ("Property"). On or about August 26, 2009 Plaintiff entered into an agreement to purchase the Property Defendant Monge. On December 3, 2009 the Property was deeded to Plaintiff by Monge. As part of the purchase and sale transaction, Plaintiff paid Monge $250,000 part of which was financed by a mortgage loan in the amount of $241,656. That loan was secured by a first deed of trust against the Property.

Sometime on February 1, 2010 Monge convinced Plaintiff to execute a document that would ensure that the Property avoids escheat in the event of Plaintiff's death. Plaintiff executed a "Straight Note" and "Deed of Trust and Assignment of Rents" with Monge being the beneficiary and Malibu the trustee on the documents. The documents were executed with the understanding that these documents would never be acted upon or recorded against the Property. No money was paid by Monge or Malibu to Plaintiff in exchange for the deed of trust. For the following nine or so years that was the case. Sometime in 2019, however, Defendant decided to record the deed of trust and record notices of default and trustee sale attempting to foreclose on the Property.

As of today Monge and Malibu claim interest and lien against the Property in the form of a second deed of trust. *See* Complaint ¶ 20-21; Exhibit 3 to the Complaint. The deed of trust names Monge as beneficiary of the deed of trust and Malibu as trustee. *Id*.

**II. ARGUMENT**

a. <u>**Standard on Motion to Dismiss**</u>

Under Federal Rule of Civil Procedure 12(b)(6) incorporated by Federal Rule of Bankruptcy Procedure 7012(b), a party may challenge the sufficiency of the statement of the claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In deciding a Rule 12(b)(6) motion, the court must "accept as true all of the factual allegations set out in plaintiff's

complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2nd Cir. 2009); *see also Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009); *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 496 (8th Cir. 2009). It need not, however, "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. In addition to the facts set forth in the complaint, matters that are properly the subject of judicial notice may also be considered when deciding a motion to dismiss for failure to state a claim. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). In fact, the court can disregard allegations in the complaint if such allegations are contradicted by facts which may be judicially noticed by the court. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 578 F.3d 1016, 1021-22 (9th Cir. 2007). One example would be the court's consideration of matters of public record. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

Accepting only the factual allegations set forth in a plaintiff's complaint as true, the court must decide if plaintiff is entitled to some form of legal remedy. *Twombly*, 550 U.S. at 555. Granting a Rule 12(b)(6) motion to dismiss is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). A dismissal will also be proper if a complaint is vague conclusory and fails to set forth material facts in support of the allegations. *Northstar Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983).

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

**b.    The Court Has Jurisdiction Over Defendants in this Case.**

As pled in the Complaint, the Court has subject matter jurisdiction over these proceedings pursuant to 28 U.S.C. § 157(b)(1) and § 157(b)(2)(B) and this case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Under the latter subsection, the Bankruptcy Court has jurisdiction to determine "allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan

under chapter 11…" 11 U.S.C. § 157(b)(2)(B). The underlying adversary proceeding involves determination of claims and interests against the Bankruptcy estate and is squarely within the jurisdiction of this Court as core proceeding. Additionally, the underlying proceeding involves determination of validity of liens against estate property and is core proceeding pursuant to 11 U.S.C. §157(b)(2)(K). Therefore, all of the claims in the underlying adversary case relate to Malibu's and Monge's liens and claims against estate property and are subject to this Court's jurisdiction under 11 U.S.C. § 157(b)(2)(B) and 11 U.S.C. § 157(b)(2)(K).

Additionally, the Court has personal jurisdiction over the defendants in this adversary case. Defendants named in bankruptcy adversary proceedings are subject to the bankruptcy court's personal jurisdiction when *served by first-class mail in the United States*. Fed. R. Bankr. P. 7004 (f). In this case, both Malibu and Monge were served with the summons by first class mail. *See* Docket No. 9. Therefore, they both are subject to this Court's personal jurisdiction.

Moreover, as far as Defendant Monge is concerned, the Court has jurisdiction over her since she already filed a Complaint objecting to Debtor's discharge on February 1, 2020 thus subjecting herself fully to the jurisdiction of this court. In fact, Monge's argument that she is not subject to jurisdiction of this Court is simply incomprehensible. During this case, Monge filed numerous motions and applications with the Court seeking some sort of relief, while at the same time objecting to the Court's jurisdiction to grant such relief. On February 1, 2021, Monge filed an adversary case requesting that the Court deny dischargeability of the debt allegedly owed to her by Debtor, while at the same time objecting to the Court's jurisdiction over her.

As this Court stated specifically in its Order Denying Motion to Extend Time To Object to Exemptions, "At the hearing and throughout the pendency of the case, Creditor has reserved certain unspecified rights and objected to the jurisdiction of this Court. With Creditor's filing of a Complaint Objecting to Discharge [Doc. No. 78] it is now clear that she has consented to the jurisdiction of this Court for all purposes." In light of Court's specific language, it is puzzling why Monge still argues that the Court lacks jurisdiction over her or her claims.

//

//

### c. **Plaintiff has Standing to Bring this Adversary Case.**

Any party in interest may object to a claim. 11 U.S.C. § 502(a). A case trustee or a Chapter 11 Debtor in possession is a party in interest with standing to file a claim objection. *In re G.I. Indus., Inc.* (9th Cir. 2000) 204 F3d 1276, 1280-1281; *In re Dominelli* (9th Cir. 1987) 820 F2d 313, 317.

In this case, Plaintiff is the debtor in possession in the underlying bankruptcy case. Therefore, he has standing to object to claims pursuant to 11 U.S.C. § 502(a). Defendants' argument to the contrary is nonsensical. Even by definition provided by Defendants it their motion, it is undisputed that Plaintiff has standing to bring this action. Defendants rely on a Sixth Circuit Bankruptcy Appeals Panel decision that refers to standing to appeal a bankruptcy court order. *See Travelers Cas. & Sur. v. Corbin*, 286 B.R. 49, 51 (B.A.P. 6th Cir. 2002). Even that decision states that a person who has a stake in the outcome of the order has standing to appeal for that order. Plaintiff in this case is the Debtor-in-possession and the owner of the Property. Any claim against Plaintiff's estate or the Property (that is a property of the estate), directly affects Plaintiff, his finances, and Plaintiff clearly has a stake in this court's order allowing or disallowing Defendants' claim.

Further, Defendants' argument that Plaintiff is objecting to nonexistent claims is incomprehensible. It is unclear if Defendants argue that they do not have a claim against Plaintiff/Debtor or against the bankruptcy estate. If that is the case, Plaintiff concurs with the Defendants that they do not have a claim against him or the property of the estate. In fact, the whole purpose of this adversary case is to achieve that result.

Moreover, Defendants seem to argue that their claim cannot be objected to since they do not have an active filed claim in this case. That argument makes no sense. Defendant provide no authority or legal precedent that prevents Debtor from objecting to scheduled but unfiled claims. Nothing in the Bankruptcy code mandates that claim objection be directed only at filed claims. In fact, Monge did file a claim in this case on November 30, 2020 as Claim Number 4, only to withdraw it a few days later for purposes of objecting to the jurisdiction of this Court. Regardless of that fact, Monge has been the sole most active creditor in the bankruptcy case constantly asserting her claim rights in her motion for relief from the automatic stay, motion to dismiss and various motions for extensions of time. Monge actually filed an adversary case alleging that the debt owed to her should be nondischargeable. In all of these motions Monge

has based her claim on the same deed of trust and note that are attached to the Complaint as Exhibit 3. On these documents Monge is named as the beneficiary of the deed of trust and Malibu is named as the trustee of the deed of trust. As a trustee of the deed of trust Malibu claims legal title to the Property, and is therefore does have a claim against the estate.

Debtor has alleged in the Complaint that Malibu is a fully owned entity by Monge and that Monge is the sole de facto beneficial owner of Malibu. *See* Complaint ¶ 64. se.

In sum, nothing in the Bankruptcy Code or rules prevents Debtor-in-possession and Plaintiff in this case from objecting to scheduled claims. Defendants have not cited to any authority or legal precedent that supports their position that unfiled claims cannot be objected to. Defendants would be hard pressed to find any authority that supports their position. In this case, both Monge and Malibu claim an interest in a property of the estate by virtue of the note and deed of trust that is secured by the Property. Monge claims beneficial interest while Malibu claims legal interest. Therefore, both Defendants have a claim against Debtor's estate and are properly sued as Defendants.

### d. **Plaintiff's First Cause of Action is Properly Pled.**

Plaintiff's first cause of action is an objection to the claim of Monge and Malibu. Plaintiff objects to the claim pursuant to 11 U.S.C. § 501(b)(1) as Monge's and Malibu's claims are unenforceable under applicable law. Complaint ¶ 35. Plaintiff goes on to provide detailed reasons why the note and deed of trust are unenforceable for lack of consideration (See Complaint ¶¶37-44); for being a sham instrument (See Complaint ¶ 45-50); and for being induced under false pretenses (See Complaint ¶¶51-61).

Defendant have presented no argument whatsoever to allege that the claim objection is improperly pled or insufficient. Therefore, the Court should deny Defendants' motion.

### e. **Plaintiff's Second Cause of Action for Quiet Title is Properly Pled.**

Cal. Civ. Proc., §760.010 governs quiet title actions. *Harbour Vista, LLC v. HSBC Mortg. Services Inc.* (2011) 201 Cal.App.4th 1496, 1501). "Such action is brought, as authorized by the statute, for the purpose of determining any adverse claim that may be asserted therein. The object of the action is to finally settle and determine, as between the parties, all conflicting claims to the

property in controversy, and to decree to each such interest or estate therein as he may be entitled to. *Lechuza Villas West v. California Coastal Com'n* (1997) 60 Cal.App.4th 218,242.

Section 761.020 sets forth the pleading requirements: The complaint shall be verified and shall include all of the following.

    a) A description of the property that is the subject of the action. In the case of real property, the description shall include both its legal description and its street address or common designation, if any.

    b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title….

    c) The adverse claims to the title of the Plaintiff against which a determination is sought.

    d) The date as of which the determination is sought. If the determination is sought as of a date other than the date the complaint is filed, the complaint shall include a statement of the reasons why a determination as of that date is sought.

    e) A prayer for the determination of the title of the Plaintiff against the adverse claims. Cal. Civ. Proc., §760.020

All of these elements are properly pled in the Complaint. The cause of action for quiet title is verified, and in includes the description of the property. Complaint ¶ 12. It identifies the basis of Plaintiff's title and Defendants' adverse claim. Complaint ¶¶ 14-15; ¶¶63-65. Finally, the cause of action specifies the date of determination and the relief sought. Complaint ¶¶ 66-67.

Defendant does not challenge these elements and instead claims that since the deed of trust was not paid, Plaintiff may not maintain a quite title action. Perhaps, Defendants missed the point of this adversary case, but the whole purpose of this action is to invalidate the lien encumbering the Property as fraudulent and void. Defendants disingenuously cite to *Miller v. Provost* (1994) 26 Cal.App.4th 1703, 1707, to support their position. However, their citation to *Miller* is misplaced and is misleading in the context of this adversary case. *Miller*, in the context of judicial foreclosure on a debt that was barred by the statute of limitations cites to the nineteenth century case of *Booth v. Hoskins*, 75 Cal. 271, 17 P. 225 (1888). The full cite that Plaintiff misquotes is as follows: "In an action by the mortgagor, brought after the mortgage debt had become barred by the statute of limitations, to quiet his title against the claim asserted by the

**OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
- 11 -

mortgagee under the mortgage deed, the court may impose, as a condition to the relief asked, that the plaintiff first pays the amount of the mortgage debt." *Booth v. Hoskins*, 75 Cal. 271, 17 P. 225 (1888). As is evident from the allegations in the Complaint, this is not a case for judicial foreclosure on a time barred debt. Further, Miller never dealt with dispute of the actual validity of the deed of trust and the existence of the deed and underlying debt were not disputed. *Miller v. Provost* (1994) 26 Cal.App.4th 1703.

In contrast, in this case, Plaintiff has pled very specifically, the problems with the deed of trust and note that make these instruments invalid and become basis for quieting title against Defendants. For these, reasons, Plaintiff's second cause of action is properly pled and the Court should deny Defendants' motion to dismiss.

### f. Plaintiff's Third Cause of Action is Properly Pled.

Plaintiff's Third cause of action for declaratory relief is properly pled. Again, defendant fails to make any argument about how the third cause of action is deficient. In fact, Rule 7001 specifically allows declaratory relief actions concerning validity or extent of a lien or other interest in estate property. *See* Fed. R. Bankr. P. 7001. That rule specifically states that the following are adversary proceedings:

"…(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, but not a proceeding under Rule 3012 or Rule 4003(d);

…

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing;.." Fed. R. Bankr. P. 7001.

Further, even if a claim for declaratory relief seeks duplicate relief, there is no requirement to dismiss that claim. *Pet Check Tech., LLC v. Handlr, Inc.*, 2018 WL 8333418, at *2 (C.D. Cal. Sept. 11, 2018). The declaratory relief claim identifies the actual controversy that exists between the parties, and that the court may grant relief in form of invalidating the claim and lien of the Defendants. Therefore, the third cause of action is properly pled and the Court should deny Defendants' motion to dismiss.

//
//

g. **Defendants Fail to Show That There is Need for More Definite Statement**.

While Defendants request that the court strike some portions of the Complaint, they fail to identify which portions of the Complaint require more definite statement. Defendants have the burden of substantiating the arguments that they make, and providing support for the requests that they make. Defendants did neither in this case. Therefore, the Court should deny Defendants' request for more definite statement.

### III. CONCLUSION

Based upon the foregoing, Plaintiff requests that the Court deny the motion to dismiss, and require that Defendants respond to the Complaint.

Date: 03/09/2021                                By: _____/s/ Vahe Khojayan_____

                                                                                             Vahe Khojayan
                                                                                             Attorney for Defendant

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**1010 N. Central Ave, Ste 450**
**Glendale, CA 91202**

A true and correct copy of the foregoing document described as   **OPPOSITION TO MOTION TO DISMISS**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On  **03/09/2021**  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Paul Brent on behalf of Siboney Monge: snb300@aol.com**
**United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov**

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On ____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 03/092021 | **Menua Yesayan** | /s/ Menua Yesayan |
|---|---|---|
| *Date* | *Type Name* | *Signature* |