Vahe Khojayan (SBN 261996)
Sasoon Sardarian (SBN235088)
KG LAW, APC
1010 N. Central Ave., Suite 450
Glendale, CA 91202
Tel: (818) 280-4280  Fax: (818) 280-4281
Email: vahe@kglawapc.com

Attorneys for Plaintiff
TITUS EMIL IOVITA

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>TITUS EMIL IOVITA<br><br>　　　　　Debtors,<br><br>TITUS EMIL IOVITA<br>　　　　　Plaintiff<br>　　vs.<br><br>SIBONEY MONGE, et. al.<br><br>　　　　　Defendants. | Case Number: 2:20-bk-19727-ER<br><br>Adversary Case Nos: 2:21-ap-01022-ER<br>2:21-ap-01024-ER<br><br>Chapter 11<br><br>**JOINT PRETRIAL STIPULATION**<br><br>**Pre-Trial Conference:**<br>**Date: October 11, 2022**<br>**Time: 11:00 a.m.** |

　　　　Pursuant to LBR 7016 -1(b) the following is the proposed pretrial stipulation by the parties. The Parties further stipulate that this Stipulation shall operate and apply equally to the related Adversary Proceeding Case No. 2:21-ap-01024-ER.

(A) **The following facts are admitted and require no proof**:

1. On October 28, 2020 Plaintiff herein, filed a petition for relief under chapter 11 of Title 11 of the United States Code.  Plaintiff is the debtor in this Chapter 11 case.

2. Defendant Siboney Monge ("Defendant"), claims an interest in the subject real property, commonly known as 18604 Newman, Riverside, California 92508 (the "Property") by

virtue of a Note and Deed of Trust, and claims to be a creditor of Plaintiff's estate, as further specified *infra*. Plaintiff disputes Defendant's status as a creditor, and disputes the validity of the aforementioned Note and Deed of Trust.

3. Defendant Malibu Reconveyance LLC ("Malibu"), is a limited liability company fully owned by Defendant Siboney Monge. Malibu was the Trustee under Defendant's Deed Of Trust, as further specified below.

4. Defendant Malibu Reconveyance LLC does not claim any interest in the Property, and the only real defendant in interest is Siboney Monge.

5. Plaintiff contends that he is the current owner of the Property free and clear of any interest claimed by Defendant.

6. The legal description of the Riverside Property is:

> **The Property in the County of Riverside, State of California Described as: Lot 292 of Rinehart Acres, as per map recorded in Book 13, Page 84 of Maps, in the Office of the County Recorder of Riverside County, State of California, APN: 267-140-015-6**

7. Defendant was the prior owner of the Property, having purchased it on or about April 4, 2006, as the successful bidder at a foreclosure sale under a then-existing second Deed of Trust, where she paid $200,100.00. At the time Defendant purchased the Property, she did so subject to a first loan and Deed of Trust in favor of Wells Fargo Bank, with a remaining balance of approximately $240,000.00.

8. Defendant is the beneficiary under a Deed of Trust recorded on September 23, 2019, in the Riverside County Recorder's Office as Document No. 2019-0375305 (the "Monge Deed of Trust"). Plaintiff executed the Deed of Trust on February 1, 2010. Plaintiff acknowledges the existence of these documents but disputes their validity.

9. Defendant is also the promisee under a Promissory Note dated February 1, 2010 (the "Monge Note"). Plaintiff and Defendant executed the Monge Note on February 1, 2010. Plaintiff acknowledges the existence of these documents but disputes their validity.

10. On or about August 26, 2009, Plaintiff entered into a California Residential Purchase Agreement and Joint Escrow Instructions with Defendant Siboney Monge.

11. On or about December 3, 2009 Defendant Siboney Monge executed a grant deed that transferred the Riverside Property to Plaintiff. That grant deed was recorded in Riverside County Assessor, Clerk & Recorder's Office on December 14, 2009.

12. Plaintiff obtained a mortgage loan in the original amount of $241,656 from Plaza Home Mortgage (the "Plaza Loan"), the proceeds of which were used to payoff the prior Wells Fargo loan referenced in paragraph 7 above. Plaintiff secured repayment of the Plaza Loan through a first deed of trust in favor of Plaza Home Mortgage recorded on December 14, 2009 (the "Plaza Deed of Trust").

13. Sometime on February 1, 2010 Plaintiff visited Defendant Siboney Monge's house.

14. On February 1, 2010, Plaintiff read the contents of the Joint Venture Agreement for the first time and did not agree with its contents.

15. Defendant Malibu is identified as the Trustee under the Deed of Trust, and Defendant is identified as the beneficiary.

16. On or about October 24, 2016, Plaintiff refinanced the Plaza Loan with a new loan in favor of Alliance West Mortgage in the original amount of $215,000.00 (the "Alliance Loan"). Plaintiff secured repayment of the Alliance Loan with a Deed of Trust recorded on October 27, 2016. The proceeds of the Alliance Loan paid off the Plaza Loan and the Plaza Deed of Trust was reconveyed.

17. Defendant referred Plaintiff to the broker he used to arrange the Alliance Loan in 2016.

18. During the 2016 refinance Defendant never demanded payment of the Note or Deed of Trust. Defendant was aware that Plaintiff was refinancing the Property in 2016.

19. Defendant recorded the Deed of Trust on September 23, 2019.

(B) The following issues of fact, an no others remain to be litigated:

1. Whether Defendants made any misrepresentations to Plaintiff in connection with signing of the Note and the Deed of Trust.
2. Whether Plaintiff and Defendant ever agreed to enter into a joint venture agreement.
3. Whether Defendants retained any interest or lien against the Property after it was transferred to Plaintiff.
4. Whether the Monge Note and Monge Deed of Trust are valid and enforceable.
5. Whether the Joint Venture Agreement is valid and enforceable.
6. Whether Plaintiff received consideration in exchange for the Monge Note and Deed of Trust.
7. Whether the debt owed to Defendant by Plaintiff is non-dischargeable.
8. Whether Plaintiff should be denied discharge.

(C) The following issues of law, and no others, remain to be litigated.

1. Whether the Monge Note and the Monge Deed of Trust should be held invalid for lack of consideration.
2. Whether the Monge Note and the Monge Deed of Trust are valid and enforceable.
3. Whether the Monge Note and the Monge Deed of Trust were executed under false pretenses.
4. Whether Defendant's have any interest or lien against the Property.
5. Whether the Joint Venture Agreement is valid and enforceable.
6. Whether Plaintiff's claims are barred by the statute of limitations.
7. Whether the debt owed to Defendant by Plaintiff is non-dischargeable.
8. Whether Plaintiff should be denied discharge.

(D) Attached is a list of exhibits intended to be offered at the trial by each party, other than exhibits to be used for impeachment only. The parties have exchanged the copies of all exhibits.

Case 2:21-ap-01022-ER    Doc 47    Filed 10/04/22    Entered 10/04/22 18:19:46    Desc
Main Document    Page 5 of 5

(E) The parties have exchanged the list of witnesses to be called at trial.

(F) Other matters that might affect the trial, such as motions in limine: the parties do not anticipate filing any motions in limine.

(G) All discovery is complete.

(H) The parties will be prepared to try the case at that time set for trial.

(I) The estimated length of trial is 3 days.

(J) The foregoing admissions have been made by the parties, and the parties have specified the foregoing issues of fact and law remaining to be litigated. Therefore, this order supersedes the pleadings and governs the course of trial of this cause, unless modified to prevent manifest injustice.

**KG LAW, APC**

Dated: October 4, 2022

_____
Vahe Khojayan, Esq.
Attorneys for Plaintiff, Titus Emil Iovita

**WRIGHT, FINLAY & ZAK, LLP**

Dated: October 4, 2022

_____
T. Robert Finlay, Esq.
Olivier J. Labarre, Esq.
Attorneys for Defendant, Siboney Monge

JOINT PRETRIAL STIPULATION
- 5 -