Vahe Khojayan (SBN261996)
Sasoon Sardarian (SBN235088)
KG Law, APC
1010 N. Central Ave. Ste 450
Glendale, CA  91202
Tel: (818) 280-4280
Fax: (818) 280-4281
E-mail: vahe@kglawapc.com

Attorneys for Plaintiff
TITUS EMIL IOVITA

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No: 2:20-bk-19727-ER |
| TITUS EMIL IOVITA | Adversary Case No: 2:21-ap-01022/01024-ER |
| Debtors. | Chapter  11 |
| TITUS EMIL IOVITA | |
| Plaintiff | **TITUS IOVITA'S TRIAL BRIEF** |
| v. | |
| SIBONEY MONGE, MALIBU RECONVEYANCE, LLC, | **Trial Date:**<br>**Date: October 26, 2022**<br>**Time: 9:00AM**<br>**Location:** Ctrm. 1568<br>Roybal Federal Building<br>255 East Temple Street<br>Los Angeles, CA 90012 |
| Defendant(s) | |

TITUS EMIL IOVITA ("Iovita"), through his attorneys Vahe Khojayan hereby submits his Trial Brief.

**TITUS IOVITA'S TRIAL BRIEF**

I. **Introduction**.

Iovita filed the underlying bankruptcy petition on October 28, 2020. At the time of the filing, he was facing foreclosure of his property located at 18604 Newman Ave, Riverside, CA 92508 (the "Riverside Property") by Siboney Monge ("Monge"). Monge claims interest in the property by virtue of a deed of trust that was executed on February 1, 2010 and recorded nearly nine years thereafter on September 23, 2019.

Iovita purchased the Riverside Property from Monge on December 3, 2009. At that time Iovita paid Monge $250,000 as a purchase price, part of which was financed through a mortgage loan in the amount of $241,656. The property was appraised to be worth around $290,000 at the time of the sale. Subsequently, Monge began managing the property for Iovita and renting it to tenants. She represented herself to be Iovita's agent multiple times and always acted in that capacity when dealing with the Property. Additionally, Monge entered into a written property management agreement with Iovita where she became the agent managing the Riverside Property for him.

When Iovita executed the purchase and sale documents for the Riverside Property, Monge also included in that packet a document titled joint venture agreement. Iovita unknowingly signed that document as part of the packet of escrow documents.

Iovita and Monge were friends. In fact, Iovita has no family or any other relatives. On February 1, 2010 Iovita visited Monge's house. During that meeting the parties discussed what would happen to the Riverside Property in the event of Iovita's death. Monge persuaded Iovita to execute a document that would ensure that the Riverside Property avoids escheat in the event of Iovita's death and passes to Monge. Thereafter, Monge presented Iovita with two documents titled "Straight Note" (hereinafter "Note") and "Deed of Trust and Assignment of Rents" (hereinafter "Deed of Trust") which Iovita signed under false pretenses.

At the same time, Monge represented to Iovita that the Note and the Deed of Trust would not be recorded against the Riverside Property, and that the only reason for these documents was to avoid escheat in the event of his death. On these, conditions, and based upon these representations, Iovita agreed and executed the documents.

**TITUS IOVITA'S TRIAL BRIEF**

No consideration was ever paid by Monge to Iovita for the Note and Deed of Trust.  No consideration was ever received by Iovita in exchange for signing the Note or the Deed of Trust.

Since then, Iovita was able to refinance the Riverside Property without any issues and without any interference by Monge.  Specifically, in 2016 Iovita was able to refinance the Riverside Property, through a loan broker who was referred to him by Monge.  During the 2016 refinance the issue of the Note and Deed of Trust, never came up, and Monge never demanded payment or even mentioned the Note during Iovita's refinance procedure, despite being fully aware of the refinance.

On September 23, 2019, over nine years after the execution, without any warning, Monge recorded the Deed of Trust against Riverside Property and began foreclosure proceedings.  Iovita filed for chapter 11 bankruptcy and seeks to quiet title against Monge and invalidate her interest in the Riverside Property.

## II.    Monge's Claim is Invalid for Lack of Consideration.

Under California law, a promissory note is a form of a negotiable instrument. Cal. U. Com. Code § 3104.  Negotiable instruments are subject to the defense of failure of consideration. Cal. U. Com. Code § 3303(b). There was never any consideration for the Note and Deed of Trust that is the basis of Monge's claim.

Monge's claim in this case is barred under applicable California law for lack of consideration.   When the Note and Deed of Trust were executed, Iovita already paid for the Property and had the title to the Property.  In fact, Iovita paid close to a market price on the Property and Monge received the benefit of these funds.  When the note and deed of trust were signed, nothing was paid to Iovita and no forbearance was granted by the Monge.  Therefore, the note and the deed of trust are invalid as instruments for which no consideration was ever paid or received.

Monge's argument that the property was worth a lot more than the purchase price paid, and that she somehow conferred benefit to Iovita by selling the Riverside Property to him is nonsensical.  The parties entered into a valid transaction and the property actually was appraised as part of that transaction to be worth around $290,000.  Monge's claim that the property was

**TITUS IOVITA'S TRIAL BRIEF**

worth around $600,000, nearly twice the appraised amount is baseless and unsupported by any facts or evidence.

### III. Monge's Note and Deed of Trust Are Sham Instruments and Should be Canceled.

A promissory note is invalid if it was intended to be void, i.e. sham not intended between the parties as a jural act. A note may also be subject to the defense that it was intended to be "void, i.e., a sham not intended between [the parties] as a jural act." Saks v. Charity Mission Baptist Church, 90 Cal. App. 4th 1116, 1134, 110 Cal. Rptr. 2d 45, 59 (2001), as modified on denial of reh'g (Aug. 21, 2001) (citing FPI Dev., Inc. v. Nakashima, 231 Cal. App. 3d 367, 388, 282 Cal. Rptr. 508, 520 (Ct. App. 1991).

In this case, the Note and the Deed of Trust were intended only to be held in place to avoid escheat of the Riverside Property in the event of Iovita's death. As such, when the parties executed the Note and the Deed of Trust, there was never any intent to act upon it, to record the Deed of Trust, or to demand the repayment of the sums stated in the Note. As such, the nature of the documents executed as note and deed of trust were misrepresented to Iovita. Therefore, there was no mutual assent to contract formation. See Leo F. Piazza Paving Co. v. Bebek & Brkich, 141 Cal.App.2d 226 (1956), see also Lever v. Garoogian, 41 Cal. App. 3d 37, 39, 115 Cal. Rptr. 856 (Ct. App. 1974). The fact the nature of the document was misrepresented and that the documents signed were never intended to be actual documents between the parties is sufficient to invalidate the note and the deed of trust.

This is evidenced by the fact that Iovita was able to refinance the Riverside Property in 2016, through a loan broker that was referred to by Monge. Monge knew of said refinance and never once insisted that the Note be repaid or that the obligations on the Deed of Trust be satisfied. This is further evidenced by the fact that the Deed of Trust was not recorded until over nine (9) years after its signing.

Finally, and most importantly, when selling the Property to Iovita, Monge represented and certified a number of times as part of the sale transaction that there were no undisclosed agreements or loans between her and Iovita. Her disclosures were made as a requirement of an

- 4 -

**TITUS IOVITA'S TRIAL BRIEF**

FHA approved real property transaction and had there been such additional agreements, she would not be able to consummate her sale of the Property to Iovita. Now Monge contradicts herself, and claims that not only there were other agreements, but also undisclosed junior liens against the Property.

Therefore, there is ample evidence that the parties never intended for the Note and the Deed of Trust to be jural acts, or actual instruments of debt. Therefore, these documents are sham and void.

IV.     **The Note And The Deed Of Trust Were Signed Under False Pretenses**.

The consent of Iovita to sign the Note and Deed of Trust was given based on representations by Monge that the Note and the Deed of Trust would only serve to ensure that the Riverside Property did become subject to escheat. Therefore, Iovita signed the Note and the Deed of Trust pursuant to fraudulent representations made by Monge, and under false pretenses. Iovita was a longtime friend of Monge who was heavily involved in real estate business.

Contrary to the terms of the Note and the Deed of Trust, Monge claimed at her deposition that the Riverside Property is her property and Iovita was merely a straw buyer for her. She contradicted her own claim that she only has a secured interest in the property. Also contrary to her assertions, Monge has claimed a number of times that she was merely Iovita's agent in renting the property. The parties even executed a property management agreement to that effect.

V.     **Monge's Claims for Denial of Discharge**.

Monge's claims for non-dischargeability under 11 U.S.C. 523(a)(2), (4) and (6) are meritless. No facts were uncovered during discovery that would justify any of the claims. Assuming Monge has standing to bring such a claim. All the facts demonstrate that Iovita signed the claim documents in question that gave rise to Monge's claim under false pretenses and through misrepresentation of Monge.

Monge cannot point to a false promise, false statement or any actual falsity by Iovita that would give rise to any Section 523 claim. The facts are simply not there.

**TITUS IOVITA'S TRIAL BRIEF**

VI. **Monge's Denial of Discharge Claims are Meritless**.

Assuming Monge has a standing to bring such a claim, her claim is meritless.

11 U.S.C. § 727(a)(2) discharge may be denied when "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed (A) property of the debtor, within one year before the date of the filing of the petition; or **(B)** property of the estate, after the date of the filing of the petition." 11 U.S.C. § 727(a)(2).

Section 727(a)(4)(A) denies a discharge to a debtor who "knowingly and fraudulently" made a false oath or account in the course of the bankruptcy proceedings. 11 U.S.C. § 727(a)(4)(A). In order to bring a successful § 727(a)(4)(A) claim for false oath, the plaintiff must show: (1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently. *In re Wills*, 243 B.R. 58, 62 (9th Cir. B.A.P. 1999).

"A fact is material if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property." *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1198 (9th Cir. 2010) "A debtor acts knowingly if he or she acts deliberately and consciously." *Id.* (internal quotation omitted).

Monge's case is based on Iovita not listing the real property rents in his statement of financial affairs and not listing his interest in the reported joint venture with her. Iovita has since amended his statement of financial affairs to correct the omission of the rental income. Additionally, Iovita disputes the very existence of the joint venture and therefore did not list the venture in his bankruptcy schedules.

Further, the omissions were not material at all. Iovita is a solvent debtor who is likely to propose 100% plan, and debtor made multiple references to the income generated by the property in his 341(a) meeting, in his cash collateral motion and other filings. Nothing about that omission was intentional or material. Therefore, the court should deny the denial of discharge claim.

**VII.    Conclusion.**

Based on the foregoing, the Court should rule in favor of Titus Iovita, and disallow the claim of Siboney Monge. The Court should also overrule claims made in Monge's adversary complaint.

Dated:  10/17/2022                              Respectfully Submitted,

                                                By: _____
                                                    Vahe Khojayan
                                                    Attorney for Plaintiff

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**1010 N. Central Ave, Ste 450**
**Glendale, CA 91202**

A true and correct copy of the foregoing document described as __**TITUS IOVITA'S TRIAL BRIEF**__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On __**10/17/2022**__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Arnold L Graff on behalf of Plaintiff Siboney Monge**
agraff@wrightlegal.net, bkudgeneralupdates@wrightlegal.net;jpowell@wrightlegal.net

**Vahe Khojayan on behalf of Defendant Titus Emil Iovita**
vkhojayan@yklaw.us

**Olivier J Labarre on behalf of Plaintiff Siboney Monge**
olabarre@wrightlegal.net, kwalsh@wrightlegal.net

**United States Trustee (LA)**
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>** (indicate method for each person or entity served):
On ____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. <u>SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL</u>** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **10/17/2022** | **Tina Chenorjoukian** | /s/ Tina Chenorjoukian |
|---|---|---|
| *Date* | *Type Name* | *Signature* |